UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

CHRISTINE FERNANDEZ, JOHANNA MOJICA and EDWIN HERNANDEZ, on behalf of themselves, and those similarly situated,

        Plaintiffs,

        v.

219 DOMINICAN VALLE CORP., d/b/a THE DOMINICAN VALLE RESTAURANT, OMAR CORDOBA, and DORKA CORDOBA, jointly and severally,

        Defendants.

---------------------------------------------------------------------------x

No.:

PLAINTIFFS' COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND

Plaintiffs, CHRISTINE FERNANDEZ ("PLAINTIFF FERNANDEZ"), JOHANNA MOJICA ("PLAINTIFF MOJICA"), and EDWIN HERNANDEZ ("PLAINTIFF HERNANDEZ"), (collectively "PLAINTIFFS") individually, and upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover unpaid minimum wages, unpaid overtime, and statutory penalties for notice-and-record keeping violations for Plaintiffs and all others similarly situated, as well as discrimination against plaintiffs under the State and City Human Rights Laws These named Plaintiffs are hourly employees who have worked at Defendants' restaurant, corporately named 219 DOMINICAN VALLE CORP. d/b/a THE DOMINICAN VALLE RESTAURANT and located at 3815 White Plains Road, Bronx, NY 10467, Bronx County, State of New York (hereinafter "Valle Restaurant"). Plaintiffs have been supervised by individual Defendants, manager/owner OMAR CORDOBA, and manager/owner DORKA CORDOBA.

1

2. Defendants have deprived Plaintiffs and their co-workers of minimum wages and overtime pay since at least on or about October, 2016, in violation of the Fair Labor Standards Act ("FLSA").

3. Defendants have deprived Plaintiffs of minimum wages and overtime pay since at least on or about October, 2016, in violation of the New York Labor Law ("NYLL").

4. Defendants have violated notice-and-record keeping requirements by failing to provide Plaintiffs statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL § 195(3).

5. Defendants have violated notice-and-record keeping requirements by failing to provide employees with notice of statutory wage increases in violation of NYLL § 195(1).

6. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§ 201 *et seq.* of the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

7. Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) to remedy violations of Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

8. Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq*. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

9. As stated below, Valle Restaurant, by its corporate entities, is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

10. Upon information and belief, owner/manager OMAR CORDOBA is subject to personal jurisdiction in the State of New York, since he conducts business in Bronx County, State of New York.

11. Upon information and belief, owner/manager DORKA CORDOBA is subject to personal jurisdiction in the State of New York, since she conducts business in Bronx County, State of New York.

12. Venue is proper in this District because Defendants conduct business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

### THE PARTIES

### DEFENDANTS

13. Defendant 219 DOMINICAN VALLE CORP. is a New York Corporation doing business as The Dominican Valle Restaurant located at 3815 White Plains Road in Bronx County, New York.

14. Defendant OMAR CORDOBA, on information and belief, is a resident of Bronx County, New York. Defendant OMAR CORDOBA at all times relevant to this complaint has

3

been the owner and manager of 219 DOMINICAN VALLE CORP. d/b/a The Dominican Valle Restaurant on White Plains Road.

15.   Defendant DORKA CORDOBA, on information and belief, is a resident of Bronx County, New York. Defendant DORKA CORDOBA at all times relevant to this complaint has been the part owner and manager of 219 DOMINICAN VALLE CORP. d/b/a The Dominican Valle Restaurant on White Plains Road. Specifically, Defendant DORKA CORDOBA directly manages and supervises Defendant Restaurant's employees.

16.   Upon information and belief, based on information provided by Plaintiffs, employees of Defendants, Valle Restaurant is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Valle Restaurant is a popular restaurant in a Dominican neighborhood the Bronx. The Cordoba Defendants took over an existing restaurant also known as Valle, approximately 3 years ago. The restaurant is open at least sixteen (16) hours a day seven days a week and employs approximately five workers and one delivery person. As such, based on Plaintiffs' personal knowledge of Defendants' business, as well as upon information and belief, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

17.   Upon information and belief, as well as first-hand knowledge of Plaintiffs, employees of Defendants, Valle Restaurant regularly conducted interstate business. Specifically, Valle Restaurant has regularly accepted credit card payments debiting funds from out-of-state bank accounts. In addition, many of the staples served at the restaurant include products grown in States other than New York.

18.   Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

19. Upon information and belief, Defendants, including OMAR CORDOBA and DORKA CORDOBA, have had control over all employment practices at the Valle Restaurant, including wages, scheduling and the hiring and firing of employees.

## PLAINTIFFS

### Common Allegations

20. For all of the named Plaintiffs whose individual factual allegations are stated below, (and except those specifically noted) the following common facts apply to each of the named Plaintiffs, as well as all those similarly situated:

- At all times relevant, Defendants failed to provide Plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

- At all times relevant, Defendants failed to provide Plaintiffs with wage notices of statutory wage increases in violation of NYLL § 195(1).

- At all times relevant, Defendants have failed to pay Plaintiffs in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

- At all times relevant, Defendants failed to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

- At all times relevant, Defendants failed to provide Plaintiffs with adequate meal breaks in violation of NYLL §§162 *et seq.*

### Individual Factual Allegations

**Christine Fernandez**

21. Plaintiff Christine Fernandez is an adult individual who is a resident of Bronx County, State of New York.

22. Plaintiff Fernandez served in many capacities at Defendant Valle Restaurant from in or about October 2016 to June 19, 2018

23. Serving in these capacities, Plaintiff Fernandez was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

24. Plaintiff Fernandez worked for the prior owner. Her hours then were 4 pm to 12 pm five days a week, for forty (40) hours a week.

25. Beginning in October 2016 when Defendants Omar and Dorka Cordoba purchased the restaurant, Plaintiff Fernandez's schedule was changed to start at 3pm and end at 11pm for eight (8) hours a day, six (6) days week for 48 hours per week. Often Plaintiff Fernandez was called to work double shifts from 7am to 3pm and then 3pm to 11pm.

26. At no time was Plaintiff Fernandez given breaks and she was required to eat while working.

27. At all times relevant Plaintiff Fernandez was paid $60 per day for six days a week or $360.00 no matter how many hours she worked. Plaintiff Fernandez was paid by check which fraudulently claimed she worked only thirty (30) hours per week.

28. Thus, at all times relevant Plaintiff Fernandez was paid $7.50 for each hour worked with no overtime.

29. Although Plaintiff Fernandez was given checks with notice of deductions these checks fraudulently claimed she worked thirty hours a week.

**30.**     In 2016 New York City employers with 10 or fewer workers were required to pay $9.00 per hour; in 2017 the minimum wage went up to $10.50 per hour; and in 2018 the minimum wage went up to $12.00 per hour.

**31.**     Defendants Omar and Dorka Cordoba also blocked Plaintiff Fernandez from receiving tips left by customers on their credit cards.

**32.**     Furthermore, Defendant Omar Cordoba would take money from the tip jar to buy beer for himself.

**33.**     In early June 2018. Plaintiff Fernandez complained about her pay and working conditions.

**34.**     Defendant Omar Cordoba responded to Plaintiff Fernandez's complaint by cutting her hours to one day per week.

**35.**     Plaintiff Fernandez again complained, this time about the cut in her hours, and was informed by Defendant Dorka Cordoba that she had no rights and was subsequently terminated.

**36.**     Additionally, Plaintiff Fernandez was subjected to sexual harassment by Defendant Omar Cordoba.  Specifically, Defendant Omar Cordoba would put his hands on Plaintiff Fernandez without her consent.  He would primarily touch her in the waist area.

**37.**     Defendant Omar Cordoba only stopped touching Plaintiff Fernandez inappropriately after her boyfriend intervened.

**38.**     However, Defendant Omar Cordoba continued to sexually harass Plaintiff Fernandez. Specifically, he would harass her through the surveillance camera system. Defendant Omar Cordoba would watch Plaintiff Fernandez on the cameras and text her at various times

telling her to move her body in a certain way or into a certain position so he could see it better through the cameras.

**Johanna Mojica**

39. Plaintiff Johanna Mojica is an adult individual who is a resident of Bronx County, State of New York.

40. Plaintiff Mojica was employed by Defendants first from on or about February to March 2018, and then on or about April 2018 to October 29, 2018. She performed many duties at the restaurant, including waitressing, cleaning, cooking, and serving as a cashier.

41. As a waitress, cook, cashier, and cleaner Plaintiff Mojica was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

42. At all times relevant Plaintiff Mojica regularly worked 3pm to 11pm six days per week. Sometimes she worked from 7am to 3pm, and sometimes from 7pm to 11pm. Sometimes she worked double shifts. Thus, each week she regularly worked eight (8) hours per day, six (6) days per week, for at least a total of 48 hours a week but some weeks she worked more.

43. At all times relevant Plaintiff Mojica was paid $50 for each day worked regardless of the number of hours she worked.

44. At no time was Plaintiff Mojica given breaks and she was required to eat while working.

45. Thus, at all times relevant based on straight time hours Plaintiff Mojica was paid $6.25 for each hour worked. She was paid no overtime.

46. At no time was Plaintiff Mojica given pay stubs or statutory notices regarding pay.

47. In 2018 New York City employers with 10 or fewer workers were required to pay $12.00 per hour plus overtime.

48. Plaintiff Mojica was also blocked by Defendants Omar and Dorka Cordoba from receiving tips left by customers that were charged to the customer's credit card.

49. Furthermore, Defendant Omar Cordoba would take money from the tip jar to buy himself beer.

50. Plaintiff Mojica was also sexually harassed by Defendant Omar Cordoba. Specifically, he would touch her when she walked by him, and he would press his private parts into her.

51. Defendant Omar Cordoba's conduct would also subject Plaintiff Mojica to a hostile work environment.

52. Under Defendants Omar and Dorka Cordoba's tutelage Valle Restaurant's quality of service and quality of food declined. This decline endangered Plaintiff Mojica. At one point a customer came into the restaurant and threatened to kill her because the customer's food was of poor quality.

53. Following Plaintiff Fernandez's reduction in hours, Plaintiff Mojica went with her to complain to Defendant Dorka Cordoba. At this time, Defendant Dorka Cordoba told both Plaintiff Mojica and Plaintiff Fernandez that they had no rights.

54. Plaintiff Mojica left her employment with Defendants because of Defendant Omar Cordoba's sexual harassment and creation of a hostile work environment, her substandard pay, and because of the declining quality of the Valle Restaurant's food and service.

**Edwin Hernandez**

55. Plaintiff Edwin Hernandez is an adult individual who is a resident of Bronx County, State of New York.

56. Plaintiff Hernandez was employed by Defendants from July 24, 2017, to November 11, 2017. He performed many duties at the restaurant, including working as a delivery person and prep cook.

57. As a delivery person and prep cook Plaintiff Hernandez was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

58. At all times relevant Plaintiff Hernandez worked from 3pm to 11:30pm six days per week. Thus, each week Plaintiff Hernandez regularly worked at least eight-and-a-half (8.5) hours per day, six (6) days per week, for a total of 51 hours per week.

59. At all times relevant, Plaintiff Hernandez was paid $50 per day no matter how many hours he worked, despite being promised $8.00 per hour by Defendant Omar Cordoba. Plaintiff Hernandez was paid cash.

60. At no point was Plaintiff Hernandez given breaks and he was required to eat while working.

61. Thus, at all times relevant Plaintiff Hernandez was paid $5.88 for each hour worked.

62. In 2017 New York City employers with 10 or fewer workers were required to pay $10.50 per hour plus overtime.

63. At no time was Plaintiff Hernandez given pay stubs or required statutory notices regarding his pay.

64. Plaintiff Hernandez was blocked by Defendants Omar and Dorka Cordoba from receiving tips left by customers via credit card.

65. Defendant Omar Cordoba would also take money from the tip jar to buy himself beer.

66. Furthermore, Defendant Omar Cordoba would deduct from Plaintiff Hernandez's $50/day regular pay money for himself to buy beer or music.

67. Defendant Omar Cordoba subjected Plaintiff Hernandez to a hostile work environment. Plaintiff Hernandez was regularly subjected to verbal abuse by Defendant Omar Cordoba, including being called "idiot", "stupid", and "retarded". Additionally, Plaintiff Hernandez is Dominican, and Defendant Omar Cordoba, who is Panamanian, would make derogatory statements about Dominicans.

## FLSA COLLECTIVE ACTION ALLEGATIONS

68. Plaintiffs bring their first and second claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by Defendants at the Dominican Valle Restaurant between on or about April 20, 2018, and the date of final judgment in this matter that elect to opt in to this action. Such Plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

69. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

70. At all times relevant to this complaint, and upon information and belief, Plaintiffs and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had substantially similar compensation provisions. Thus, the claims of Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

71. All Plaintiffs and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

72. All Plaintiffs and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

73. For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from Defendants' records. Notice can be provided via first class mail to the last address known to Defendants for each of the FLSA Collective Plaintiffs.

## FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

74. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

75. At all times relevant, each Defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

76. At all times relevant, Defendants employed Plaintiffs and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

77. Defendants were required to pay Plaintiffs and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

78. Upon information and belief, Defendants knowingly failed to pay plaintiffs and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

79. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

80. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

81. Throughout the period covered by the applicable statute of limitations and upon information and belief, Plaintiffs and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

82. At all times relevant, and upon information and belief, Defendants have repeatedly and willfully failed to pay the named Plaintiffs and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

83. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek and are entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves)**

84. Plaintiffs, on behalf of themselves repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

85. Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants knowingly paid Plaintiffs less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

86. Defendants did not pay the minimum wage for all hours worked by Plaintiffs.

87. Upon information and belief, Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of the NYLL.

88. Plaintiffs seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves)**

89. Plaintiffs, on behalf of themselves repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

90. Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants willfully and repeatedly failed to pay Plaintiffs at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

91.     Plaintiffs seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

92.     Plaintiffs have been damaged in an amount as yet to be determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiffs on Behalf of Themselves)**

93.     Plaintiffs, on behalf of themselves repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

94.     Defendants have failed to provide Plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

95.     Plaintiffs have been damaged in an amount of $5000 each, based on daily penalties of $250.

## SIXTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiffs on Behalf of Themselves)**

96.     Plaintiffs, on behalf of themselves repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

97.     Defendants have failed to provide Plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1) apprising them of the new minimum wages on December 31, 2017 and/or December 31, 2018.

98.     Plaintiffs have been damaged in an amount of $5000 each, based on daily penalties of $250.

## SEVENTH CLAIM FOR RELIEF

### (Sexual Harassment and Discrimination by Named Plaintiffs Against Defendant Cordoba and Defendant Restaurant)

99.     Plaintiffs, on behalf of themselves repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

100.    Based on the foregoing allegations of sexual harassment by Plaintiffs Fernandez and Mojica and the derogatory ethnic slurs leveled at Plaintiff Hernandez by Defendant Omar Cordoba, Defendants have violated Plaintiffs' Rights under the New York State Human Rights Law and the New York City Human Rights Law.

## RELIEF SOUGHT

**WHEREFORE**, plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, request relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

C. An order declaring that Defendants violated the FLSA in the manners stated in this complaint;

D. An order declaring that Defendants' violations of the FLSA were willful;

E. An order declaring that Defendants violated the NYLL in the manners stated in this complaint;

F. An order declaring that Defendants' violations of the NYLL were willful;

G. An award of overtime compensation under the FLSA and NYLL;

H. An award of minimum wage compensation under the FLSA and NYLL;

I. A declaration that, based on violations of law, Defendants were not entitled to the "tip credit" and an award of withheld tip compensation pursuant to the FLSA and NYLL;

J. An award of liquidated damages pursuant to the FLSA;

K. An award of damages for violations of Plaintiffs' Human Rights claims.

L. An award of damages for violations of NYLL;

M. All penalties available under the applicable laws;

N. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

O. Interest as provided by law; and

P. Such other relief as this Court deems just and proper.

## **JURY TRIAL**

Plaintiffs demand a jury trial for all causes of action and claims for which they have a right to a jury trial.

Dated: New York, New York
October 5, 2019

Respectfully submitted,

MIRER, MAZZOCCHI & JULIEN, P.L.L.C.

_____
By: Jeanne E Mirer
*Attorney for Plaintiffs*
1 Whitehall Street, 16th Floor
New York, NY 10004
(212) 231-2235
jmirer@mmsjlaw.com

18