# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**No.:  19-cv-09513 (JGK)**

--------------------------------------------------------------------------------x

CHRISTINE FERNANDEZ, JOHANNA MOJICA and EDWIN
HERNANDEZ, on behalf of themselves, and those similarly
situated,

**SETTLEMENT AGREEMENT AND
RELEASE**

                Plaintiffs,

                         v.

219 DOMINICAN VALLE CORP., d/b/a THE DOMINICAN
VALLE RESTAURANT, OMAR CORDOBA, DORKA
CORDOBA, 352 EL CLUB VALLE RESTAURANT CORP.,
and ORLANDO VASQUEZ, jointly and severally,

                Defendants.

--------------------------------------------------------------------------------x

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs, CHRISTINE FERNANDEZ, JOHANNA MOJICA AND EDWIN HERNANDEZ ("Plaintiffs") on the one hand and 219 DOMINICAN VALLE CORP., OMAR CORDOBA, and DORKA CORDOBA (hereafter "the Cordoba Defendants") and 352 EL CLUB VALLE RESTAURANT CORP. and JOSE (ORLANDO) VASQUEZ (hereafter "the Vasquez Defendants"), (collectively "Defendants")  on the other hand.

WHEREAS, Plaintiffs allege that they worked for the Cordoba Defendants as employees, and that and after they sued for their wages as alleged in the complaint, Plaintiffs alleged the Vasquez Defendants were successors jointly responsible for Plaintiffs' claims against the Cordoba Defendants.

WHEREAS, Plaintiffs filed suit against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 19-cv-09513 (JGK), alleging, among other things, a violation of federal and state wage and hour and overtime laws against Defendants;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

WHEREAS, the parties will provide the Court with separate agreements covering each set of Defendants to be evaluated as an aggregate for purposes of the full settlement;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which as to the Cordoba Defendants is hereby acknowledged, it is hereby agreed as follows:

{AW20001.DOC.1}

1. <u>Payment:</u>
    a. The Cordoba Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiffs' claims and potential claims against the Cordoba Defendants including all counsel fees and costs incurred by Plaintiffs, the gross sum of Thirty Thousand Dollars ($30,000.00) (the "Cordoba Settlement Amount"). This amount will be paid 30 days following the approval of the settlement by the Court, a sum of Three Thousand Dollars, ($3,000.00). Cordoba Defendants shall then make payments of One Thousand Dollars ($1,000.00) per month, to be paid by the Fifteenth of every month, for the next twenty-seven (27) months except that the first installment payment shall be made no fewer than 60 days after the initial payment. The payments shall be made payable to "Mirer Mazzocchi & Julien, PLLC, as Attorney for Plaintiffs". Mirer, Mazzocchi & Julien PLLC shall be responsible for the disbursements of the payments to each of the Plaintiffs. After Cordoba Defendants have made the Cordoba Settlement Amount, Plaintiffs agree to provide Cordoba Defendants with a letter stating that all payments have been made.

    b. All payments set forth above shall be delivered to the office of Mirer Mazzocchi & Julien PLLC to the attention of Jeanne Mirer Esq., 1 Whitehall Street, 16th Floor, New York, NY 10004, or any of the Defendants may be paid by wire transfer or a digital payments network.

2. No later than seven (7) days after the Court's approval of the Agreement, and receipt of the first installment the Parties shall file with the Court, the form set forth in Exhibit A to this Agreement to dismiss the Litigation, with prejudice; however the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment, pursuant to the confession of Judgement attached as Exhibit B, in the event of Defendants' failure to adhere to the payment schedule by a breach and failure to cure as described below.

3. In the event that the monthly Settlement Amount from the Cordoba Defendants is not paid by the payment date set forth in paragraphs 1a ,  Plaintiffs shall serve a written notice ("Default Notice") upon counsel for the Cordoba  Defendants  by electronic mail, and the Cordoba  Defendants  shall have ten (10) days from the date of receipt of the Default Notice to cure the default by making such payment.  Upon  the Cordoba Defendants failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may  immediately  notify the District  Court of  the Cordoba Defendants' breach and failure to cure, and the parties agree that in such an event, any and all remaining installments shall be immediately due and owing by the Cordoba t Defendants as set forth in the Confessions of Judgment annexed hereto as Exhibits B1, B2, & B3. The Confession of Judgments may only be filed by Plaintiffs upon   default by the Cordoba Defendants as set forth above and failure to cure upon service of the Default Notice. Plaintiffs shall be entitled to request the District Court enforce the Confession of Judgment against the Cordoba g Defendants, and to seek

attorneys' fees and costs incurred as a result of Plaintiffs' actions to enforce of the Confessions of Judgment.

4. <u>Release and Covenant Not To Sue</u>:  In consideration of the promises and undertakings set forth in this Agreement, each Plaintiff hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all Claims (as defined below) that Plaintiffs have or may have against Defendants, their past and present successors, assigns, affiliated entities, and their respective past and present owners, directors, officers, agents, managers, employees, insurers, and attorneys, included, but not limited to all named defendants in the Action (together "Defendant Releasees") arising out of their employment with and for the Cordoba Defendants .  "<u>Claims</u>" means any and all past and present matters, claims, demands, causes of action, -whether known or unknown and at common law, pursuant to statute, ordinance or regulation,  that concern or relate to minimum wage and/or overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Wage-Related Claims") as well as any claim involving discrimination, harassment, or retaliation ("Released Discrimination-Related Claims"). The Released Wage-Related Claims include but are not limited to claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing. The Released Discrimination-Related Claims include but are not limited to claims under Title VII or the Civil Rights Act, the New York State Human Rights Law, and the New York City Human Rights Law.

5. <u>Dismissal of the Litigation</u>: Plaintiffs shall file, no later than seven (7) days after the Court's approval of the Agreement, a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this agreement by reference) with the Court in this action.  In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

6. <u>Court Approval:</u>   This Agreement shall not be binding without Court approval of the settlement terms.  No payments by any Defendants shall be due prior to Court approval or the settlement and the dismissal of case with prejudice according to the terms of this agreement.

7. <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by the Parties.

8. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further

acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9. <u>Notices</u>:     Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing, email, or facsimile transmission thereof to the attorneys for Plaintiffs and Defendants.

10. <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

11. Plaintiffs confirm that Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  Electronic signatures shall qualify as signatures.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 11/10/2020                    _Christine Fernandez_
                                     CHRISTINE FERNANDEZ

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF                )

On 10 November 2020 before me personally came CHRISTINE FERNANDEZ known and [...] me to be the individual described in, and who executed the foregoing Settlement Agreement [...] Release, and duly acknowledged to me that he executed the same.

RIA JULIEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02JU6352779
Qualified In New York County
My Commission Expires 01-03-2021

_____
Notary Public

Dated: 11/10/2020                    _Johanna Mojica_
                                     JOHANNA MOJICA

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF                )

On 10th November 2020 before me personally came JOHANNA MOJICA known and Kno[...] to be the individual described in, and who executed the foregoing Settlement Agreement [...] Release, and duly acknowledged to me that he executed the same.

RIA JULIEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02JU6352779
Qualified In New York County
My Commission Expires 01-03-2021

_____
Notary Public

Dated: 11/10/2020                    _Edwin Hernandez_
                                     EDWIN HERNANDEZ

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF                )

RIA JULIEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02JU6352779
Qualified In New York County
My Commission Expires 01-03-2021

On 10th November 2020 before me personally came EDWIN HERNANDEZ known an[...] me to be the individual described in, and who executed the foregoing Settlement Agreement [...] Release, and duly acknowledged to me that he executed the same.

RIA JULIEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02JU6352779
Qualified In New York County
My Commission Expires 01-03-2021

_____
Notary Public

RIA JULIEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02JU6352779
Qualified In New York County
My Commission Expires 01-03-2021

Dated: 10/18/2020

OMAR CORDOBA as owner of 219
Dominican Valle Corp.

STATE OF NEW YORK )
                            )SS.:
COUNTY OF )

On _____, before me OMAR CORDOBA, and known to me to be the individual described in, and who executed the foregoing Agreement and Release, individually and in his capacity as owner of 219 Dominican Valle Corp., and duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: 11/18/20

DORKA CORDOBA

STATE OF NEW YORK )
                            )SS.:
COUNTY OF )

On _____, before me DORKA CORDOBA known to me who has executed the foregoing Agreement and Release, individually and as a manager of 219 Dominican Valle Corp. duly acknowledged to me that he executed the same.

_____
Notary Public

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
CHRISTINE FERNANDEZ, JOHANNA MOJICA and EDWIN
HERNANDEZ, on behalf of themselves, and those similarly
situated,                                                              **No.:  19-cv-09513 (JGK)**

        Plaintiffs,

              v.                                           **STIPULATION OF VOLUNTARY**
                                           **DISMISSAL WITH PREJUDICE**

219 DOMINICAN VALLE CORP., d/b/a THE DOMINICAN
VALLE RESTAURANT, OMAR CORDOBA, DORKA
CORDOBA, 352 EL CLUB VALLE RESTAURANT CORP.,
and ORLANDO VASQUEZ, jointly and severally,

        Defendants.
--------------------------------------------------------------------------------x

       IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for

the listed parties, that pursuant the terms of the Settlement Agreement between the parties, the

Complaint and any and all claims that were asserted in this action by any party are hereby

dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses,

disbursements, and attorneys' fees

Date:   New York, New York
          _____    2020

Jeanne Mirer Esq.
Mirer Mazzocchi & Julien, PLLC
1 Whitehall Street, 16th Floor
New York, NY 10004
Telephone (212) 231-2235
Facsimile (646) 219-0946
jmirer@mmsjlaw.com
*Attorneys for Plaintiffs*

Michael Taubenfeld
Fisher Taubenfeld LLP
225 Broadway, Suite 1700
New York, NY 10007
Telephone: (212-571-0700
Facsimile: (212) 505-2001
michael@fishertaubenfeld.com
Attorneys for Dorka Defendants

**EXHIBIT B 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
CHRISTINE FERNANDEZ, JOHANNA MOJICA and EDWIN
HERNANDEZ, on behalf of themselves, and those similarly
situated,

      **No.:  19-cv-09513 (JGK)**

    Plaintiffs,

       v.       **AFFIDAVIT OF CONFESSION OF
                 JUDGMENT**

219 DOMINICAN VALLE CORP., d/b/a THE DOMINICAN
VALLE RESTAURANT, OMAR CORDOBA, DORKA
CORDOBA, 352 EL CLUB VALLE RESTAURANT CORP.,
and ORLANDO VASQUEZ, jointly and severally,

    Defendants.
--------------------------------------------------------------------------------x

STATE OF NEW YORK  )
           ) ss.
COUNTY OF NEW YORK )

   OMAR CORDOBA, being duly sworn, depose and says:

1.    I am the president and owner to 219 Dominican Valle Corp.

2.    I have authority to sign on behalf of 219 Dominican Valle Corp. and I am duly

authorized to make this affidavit on the undersigned entity's, behalf.

3.    On behalf of 219 Dominican Valle Corp, I hereby confess judgment pursuant to

New York CPLR 3218 and authorize entry of judgment against 219 Dominican Valle Corp.  in

favor of Plaintiffs CHRISTINE FERNANDEZ, JOHNANNA MOJICA and EDWIN

HERNANDEZ, $30,000 less any payments previously received pursuant to the terms of the

Settlement Agreement and Release of Claims dated October 27, 2020 (the "Settlement

Agreement"), signed by Plaintiffs and Defendants in the above-captioned proceeding.

4.    This Confession of Judgment is conditioned on a debt due to Plaintiffs pursuant to

the Settlement Agreement in the event of Defendants' default in payment under the Settlement Agreement, as well as collections costs associated with enforcing this confession.

5.          This Affidavit is made as security for the Debt set forth above, and will be held in escrow pending the payment of the Debt.

6.          As a condition of this Confession of Judgment, Plaintiffs shall establish by affidavit of their attorneys, the following:

      i. The date and occurrence of the default;

      ii. The date and method of transmittal of the notice to cure;

      iii. The failure of Defendants to cure the default; and

      iv. The amount due and unpaid.

7.          This Confession of Judgment shall become null and void upon Defendants' timely payments to Plaintiffs totaling the gross amount of due pursuant to the Agreement.

8.          The amount confessed to herein does not exceed the liability.

OMAR CORDOBA as President and Owner of
219 Dominican Valle Corp.

9

## CORPORATE ACKNOWLEDGMENT
## OF 219 DOMINICAN VALLE CORP.

STATE OF NEW YORK )
                              ) ss:
COUNTY OF _Bronx_ )

On the 26ᵗʰ day of Oct ᵗʰ , 2020, before me came OMAR CORDOBA as the President of 219 DOMINICAN VALLE CORP, and has sworn that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

Shai Patel

Notary Public

**SHAILESH R. PATEL**
**Notary Public, State of New York**
**No. 4737535**
**Qualified in Westchester County**
**Commission Expires July 31, 2021**

10

**EXHIBIT B 2**

UNITED STATES DISTRICT COURT                          **No.:  19-cv-09513 (JGK)**
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
CHRISTINE FERNANDEZ, JOHANNA MOJICA and EDWIN            **AFFIDAVIT OF CONFESSION OF**
HERNANDEZ, on behalf of themselves, and those similarly            **JUDGMENT**
situated,

             Plaintiffs,                                                    s

                        v.

219 DOMINICAN VALLE CORP., d/b/a THE DOMINICAN
VALLE RESTAURANT, OMAR CORDOBA, DORKA
CORDOBA, 352 EL CLUB VALLE RESTAURANT CORP.,
and ORLANDO VASQUEZ, jointly and severally,

             Defendants.
-------------------------------------------------------------------------------x

STATE OF NEW YORK     )
                            ) ss.
COUNTY OF NEW YORK  )

    OMAR CORDOBA, being duly sworn, deposes and says:

1. I am over the age of eighteen and am fully competent and authorized to make this Affidavit of

   Confession of Judgment on behalf of myself.

2. On behalf of myself I hereby confess judgment pursuant to New York CPLR 3218 and

   authorize entry of judgment against me in favor of Plaintiffs CHRISTINE FERNANDEZ,

   JOHNANNA MOJICA and EDWIN HERNANDEZ, $30,000 less any payments previously

   received pursuant to the terms of the Settlement Agreement and Release of Claims dated

   October 27,  2020 (the "Settlement Agreement"), signed by Plaintiffs and Defendants in the

   above-captioned proceeding.

3. This Confession of Judgment is conditioned on a debt due to Plaintiffs pursuant to the

11

Settlement Agreement in the event of Defendants' default in payment under the Settlement Agreement, as well as collections costs associated with enforcing this confession.

4. This Affidavit is made as security for the Debt set forth above, and will be held in escrow pending the payment of the Debt.

5. As a condition of this Confession of Judgment, Plaintiffs shall establish by affidavit of their attorneys, the following:

      i. The date and occurrence of the default;

      ii. The date and method of transmittal of the notice to cure;

      iii. The failure of Defendants to cure the default; and

      iv. The amount due and unpaid.

6. This Confession of Judgment shall become null and void upon Defendants' timely payments to Plaintiffs totaling the gross amount of due pursuant to the Agreement.

7. The amount confessed to herein does not exceed the liability.

OMAR CORDOBA individually

STATE OF NEW YORK )
                     ) ss:
COUNTY OF Bronx )

On the 26 day of October, 2020, before me came OMAR CORDOBA and has sworn that he is the individual described who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

SHAILESH R. PATEL
Notary Public, State of New York
No. 4737535
Qualified in Westchester County
Commission Expires July 31, 2021

Sheilate

Notary Public

12

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

No.:  19-cv-09513 (JGK)

-------------------------------------------------------------------------------x

CHRISTINE FERNANDEZ, JOHANNA MOJICA and EDWIN
HERNANDEZ, on behalf of themselves, and those similarly
situated,

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

                    Plaintiffs,                                             s

                                        v.

219 DOMINICAN VALLE CORP., d/b/a THE DOMINICAN
VALLE RESTAURANT, OMAR CORDOBA, DORKA
CORDOBA, 352 EL CLUB VALLE RESTAURANT CORP.,
and ORLANDO VASQUEZ, jointly and severally,

                    Defendants.

-------------------------------------------------------------------------------x

STATE OF NEW YORK      )
                       ) ss.
COUNTY OF NEW YORK   )

DORKA CORDOBA, being duly sworn, deposes and says:

1.      I am over the age of eighteen and am fully competent and authorized to make this

Affidavit of Confession of Judgment on behalf of myself.

2.      On behalf of myself I hereby confess judgment pursuant to New York CPLR 3218 and

authorize entry of judgment against me in favor of Plaintiffs CHRISTINE FERNANDEZ,

JOHNANNA MOJICA and EDWIN HERNANDEZ, $30,000 less any payments previously

received pursuant to the terms of the Settlement Agreement and Release of Claims dated October

27, , 2020 (the "Settlement Agreement"), signed by Plaintiffs and Defendants in the above-

captioned proceeding.

3.   This Confession of Judgment is conditioned on a debt due to Plaintiffs pursuant to the

Agreement, as well as collections costs associated with enforcing this confession.

4.  This Affidavit is made as security for the Debt set forth above, and will be held in escrow pending the payment of the Debt.

5.  As a condition of this Confession of Judgment, Plaintiffs shall establish by affidavit of their attorneys, the following:

> The date and occurrence of the default;
>
> The date and method of transmittal of the notice to cure;
>
> The failure of Defendants to cure the default; and
>
> The amount due and unpaid.

6.  This Confession of Judgment shall become null and void upon Defendants' timely payments to Plaintiffs totaling the gross amount of due pursuant to the Agreement.

7.  The amount confessed to herein does not exceed the liability.

_____
DORKA CORDOBA individually

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF Bronx      )

On the 26 day of October, 2020, before me came DORKA CORDOBA and has sworn that she is the individual described who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that she executed the same.

_____
Notary Public

**SHAILESH R. PATEL**
**Notary Public, State of New York**
**No. 4737535**
**Qualified in Westchester County**
**Commission Expires July 31, 2021**

14

# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

November 23, 2020

**VIA EMAIL**
Ms. Jeanne Mirer

Re*: Fernandez et.al v. 219 Dominican Valle Corp. et al.*
Case No.: 19-cv-9513 (JGK)

Dear Ms. Mirer:

As you know we represent 219 Dominican Valle Corp., Omar Cordoba, and Dorka Cordoba.  I write to confirm that the unnotarized executed signatures I provided to you last week are my clients' signatures and constitute their acceptance of the settlement agreement.  My clients are out of state and will be returning in the second week of December and will notarize the agreement then.

Please don't hesitate to contact me with any questions.

Respectfully Submitted,
--------------------/s/------------------
Michael Taubenfeld