# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

No.: 19-cv-09513 (JGK)

-----------------------------------------------------------------------------x
CHRISTINE FERNANDEZ, JOHANNA MOJICA and EDWIN HERNANDEZ, on behalf of themselves, and those similarly situated,

**SETTLEMENT AGREEMENT AND RELEASE**

        Plaintiffs,

               v.

219 DOMINICAN VALLE CORP., d/b/a THE DOMINICAN VALLE RESTAURANT, OMAR CORDOBA, DORKA CORDOBA, 352 EL CLUB VALLE RESTAURANT CORP., and ORLANDO VASQUEZ, jointly and severally,

        Defendants.
-----------------------------------------------------------------------------x

       This Wage-Related Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs, CHRISTINE FERNANDEZ, JOHANNA MOJICA AND EDWIN HERNANDEZ ("Plaintiffs") on the one hand and 352 EL CLUB VALLE RESTAURANT CORP. and JOSE VASQUEZ (named herein as ORLANDO VASQUEZ and hereafter collectively identified as "the Vasquez Defendants"), on the other hand.

       WHEREAS, Plaintiffs allege that they worked for the 219 DOMINICAN VALLE CORP., d/b/a THE DOMINICAN VALLE RESTAURANT, OMAR CORDOBA, AND DORKA CORDOBA, (hereinafter named "the Cordoba Defendants") in this matter as employees, and that after they sued the Cordoba Defendants for their wages as alleged in the complaint, Plaintiffs alleged the Vasquez Defendants were successors jointly responsible for Plaintiffs' claims against the Cordoba Defendants, pursuant to an Amended Complaint.

       WHEREAS, Plaintiffs filed suit against Vasquez Defendants in the United States District Court for the Southern District of New York, Civil Action No. 19-cv-09513 (JGK), alleging, among other things, a violation of federal and state wage and hour and overtime laws against the Vasquez Defendants;

       WHEREAS, Vasquez Defendants deny all Plaintiffs' allegations, including but not limited to any allegation related to violation of federal and state wage and hour and overtime laws;

       WHEREAS, Plaintiffs and the Vasquez Defendants desire to resolve all disputes between them without the necessity of further litigation;

       WHEREAS, the parties will provide the Court with agreements covering the Cordoba Defendants and separately the Vasquez Defendants to be evaluated as an aggregate for purposes of the full settlement;

{AW20001.DOC.1}

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment:

    a. **The Vasquez Defendants** shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction, with prejudice, of Plaintiffs' claims, including but not limited to any prior claims and any present potential claims against the Vasquez Defendants including all counsel fees and costs incurred by Plaintiffs, the gross sum of EIGHT THOUSAND ($8,000.00) (the "VASQUEZ DEFENDANTS Settlement Amount"). This amount will be paid by certified check upon receipt by attorney for the Vasquez Defendants, by Geovanny Fernandez, Esq., of a fully executed copy of this agreement or an electronic copy or facsimile copy of this agreement. The payment shall be made payable to "Mirer Mazzocchi & Julien, PLLC, as Attorney for Plaintiffs".

    The payment set forth above shall be delivered to the office of Mirer Mazzocchi & Julien PLLC to the attention of Jeanne Mirer Esq., 1 Whitehall Street, 16th Floor, New York, NY 10004, by overnight mail within twenty four (24) hours of receipt by attorney, Geovanny Fernandez, from, attorney Jeanne Mirer, of the Court order approving this settlement, or pursuant to such other written form, including but not limited to email correspondence, including but not limited to in person delivery, as the attorneys for the Plaintiffs and the Vasquez Defendants may agree. Attorneys for Plaintiffs, Mirer, Mazzocchi & Julien PLLC shall be responsible for the disbursements of the payments to each of the Plaintiffs, and upon receipt by said Plaintiffs' attorneys of said payment, Plaintiffs shall look to Plaintiffs' attorney for any disbursement of same payment.

2. No later than seven (7) days after the Court's approval of this Agreement, the Plaintiffs and the Vasquez Defendants shall cause to file with the Court, fully executed copy of the form set forth in Exhibit A to this Agreement to dismiss the Litigation, with prejudice;

3. The Stipulation of Dismissal (Exhibit A) shall not be filed, and Plaintiffs may resume litigating the merits of the Civil Action against the Vasquez Defendants in the District Court, and shall be entitled to pursue any and all remedies available at law or in equity against the Vasquez Defendants, upon default by the Vasquez Defendants of the settlement amount payment as hereinabove agreed.

4. <u>Release and Covenant Not To Sue</u>: In consideration of the promises and undertakings set forth in this Agreement, Plaintiffs hereby unconditionally and irrevocably release, waive, discharge and give up any and all Claims (as defined below) that Plaintiffs had in the past, or have now against the Vasquez Defendants, its past and present successors, assigns, affiliated entities, and their respective past and present owners, directors, officers, agents, managers, employees, insurers, and attorneys, including, but not limited to the Vasquez Defendants in this Action (together "Vasquez Defendants' Release"). "<u>Claims</u>" means any past, and present, claims, demands, causes of action, and appeals of any kind— whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law— that concern or relate to minimum wage and/or overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, or otherwise arising out of or relating to the facts, acts, transactions, occurrence, events or omissions alleged in this Action or which could have been alleged in this Action ("Released Wage-Related Claims"). The Released Wage-Related Claims include claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing, and all other related claims related to any act and any occurrence and or any omission through the date of the execution of this agreement, including but not limited to any claim alleging that the Vasquez defendants are successors to the Cordoba Defendants.

5. <u>Dismissal of the Litigation</u>: Plaintiffs' Attorneys shall file, simultaneously with the request for Court approval of this Agreement, but no later than seven (7) days after the Court's approval of this Agreement, a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this Agreement by reference) with the Court in this Action. In the event that additional documentation is needed to terminate this Litigation, Plaintiffs shall execute and Plaintiffs' Attorneys shall submit all documents required to terminate this proceeding consistent with this Settlement Agreement and Release. In the event that the Stipulation of Dismissal with Prejudice (in the form of Exhibit A) is not filed for any reason with this Court within the timeline hereinabove referenced, the Vasquez Defendants and or the Vasquez Defendants' Attorneys may so file same Stipulation of Dismissal with this Court.

6. <u>Court Approval:</u> This Agreement shall bind the Parties herein upon Court approval of the Settlement Terms herein.

7. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by the Parties to this Agreement.

8. Plaintiffs and the Vasquez Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiffs and the

    Vasquez Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9. Notices:  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing, email, or facsimile transmission thereof to the attorneys for Plaintiffs and Defendants.

10. Facsimile and or electronic mail execution of this Agreement shall act as original for all purposes.

11. Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

12. Attorneys Fees:  The prevailing party in any dispute related to this Agreement, including but not limited to the Stipulation of Dismissal with Prejudice, shall be entitled to attorney's fees.

13. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

14. Counterparts: To signify their agreement to the terms of this Wage-Related Settlement Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 11/10/2020

_____
CHRISTINE FERNANDEZ

STATE OF NEW YORK )
                  )SS.:
COUNTY OF         )

On 10th November, 2020 before me personally came CHRISTINE FERNANDEZ known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

> RIA JULIEN
> NOTARY PUBLIC-STATE OF NEW YORK
> No. 02JU6352779
> Qualified In New York County
> My Commission Expires 01-03-2021

Dated: 11/10/2020

_____
JOHANNA MOJICA

STATE OF NEW YORK )
                  )SS.:
COUNTY OF         )

On 10th November, 2020 before me personally came JOHANNA MOJICA known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

> RIA JULIEN
> NOTARY PUBLIC-STATE OF NEW YORK
> No. 02JU6352779
> Qualified In New York County
> My Commission Expires 01-03-2021

Dated: 11/10/2020

_____
EDWIN HERNANDEZ

STATE OF NEW YORK )
                  )SS.:
COUNTY OF         )

On 10th November, 2020, before me personally came EDWIN HERNANDEZ known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

> RIA JULIEN
> NOTARY PUBLIC-STATE OF NEW YORK
> No. 02JU6352779
> Qualified In New York County
> My Commission Expires 01-03-2021

> RIA JULIEN
> NOTARY PUBLIC-STATE OF NEW YORK
> No. 02JU6352779
> Qualified In New York County
> My Commission Expires 01-03-2021

Dated: 11/10/2020

_____
JOSE VASQUEZ, owner 352
El Club Valle Restaurant Corp.

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF            )

On 11/10/2020 , before me JOSE VASQUEZ, named in this action as ORLANDO VASQUEZ, who is known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same on his own behalf and as owner of 352 El Club Valle Restaurant Corp.

_____
Notary Public

> GEOVANNY FERNANDEZ
> Notary Public, State of New York
> No. 02FE6130041
> Qualified in Bronx County
> Commission Expires July 25, 2017

6

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **EXHIBIT A**<br>No.: **19-cv-09513 (JGK)** |

-----------------------------------------------------------------x

CHRISTINE FERNANDEZ, JOHANNA MOJICA and EDWIN HERNANDEZ, on behalf of themselves, and those similarly situated,

    **STIPULATION OF APPEARANCE AND VOLUNTARY DISMISSAL WITH PREJUDICE**

   Plaintiffs,

      v.

219 DOMINICAN VALLE CORP., d/b/a THE DOMINICAN VALLE RESTAURANT, OMAR CORDOBA, DORKA CORDOBA, 352 EL CLUB VALLE RESTAURANT CORP., and ORLANDO VASQUEZ, jointly and severally,

   Defendants.

-----------------------------------------------------------------x

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the Plaintiffs and the Vasquez Defendants, that defendant 352 El Club Valle Restaurant Corp. may, forthwith, appear in this matter, and that pursuant to the terms of the Settlement Agreement between the Plaintiffs and the Vasquez Defendants, including 352 El Club Valle Restaurant Corp., the Complaint, the Amended Complaint, and all the papers and proceedings filed in this matter, including but not limited to any allegation and or any alleged allegation of employment with the Vasquez Defendants and any and all claims that Plaintiffs may have had in the past, or may now have in the present, , arising out of or relating to the facts, acts, transactions, occurrence, events or omissions alleged in this Action or which could have been alleged in this Action, including but not limited to claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing, and all other claims related to any act and or any

7

transaction and or occurrence and or any event and or any omission through the date of the execution of this agreement that Plaintiffs may have against the Vasquez Defendants, its past and present successors, assigns, affiliated entities, and their respective past and present owners, directors, officers, agents, managers, employees, insurers, and attorneys, including, but not limited to the Vasquez Defendants in this Action, Plaintiffs and or the Vasquez Defendants are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: _____11/23_____ 2020
New York, NY

Date: 11/15/2020 _____ 2020
New York, NY

/s/
_____
Jeanne Mirer Esq.
Mirer Mazzocchi & Julien, PLLC
1 Whitehall Street, 16th Floor
New York, NY 10004
Telephone: (212) 231-2235
Facsimile: (646) 219-0946
Email: jmirer@mmsjlaw.com
*Attorneys for Plaintiffs*

_____
Evelyn Abiola, Esq.
C/o Golding & Associates, PLLC
299 Broadway, Suite 710
New York, NY 10007
Telephone: (212) 385-2417
Facsimile: (212) 285-2418
Email: evelynabiola@gmail.com
*Attorneys for Vasquez Defendants*

8